UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSES AND FRANCES MANNING, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-573 |
| | § | |
| VENEZIA HAULING, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs' Motion for Partial Summary Judgment (Dkt. 21) and defendant's Motion for Summary Judgment (Dkt. 25). Upon consideration of the parties' pleadings and arguments, the summary judgment record, and the applicable law, plaintiffs' motion is DENIED, and defendant's motion is GRANTED. Defendant has also filed a Motion for Hearing (Dkt. 26). That motion is DENIED.

**I. BACKGROUND**

Plaintiff Jesses Manning ("Manning") was an independent contractor working as a leased driver on behalf of defendant Venezia Hauling, Inc. ("Venezia") pursuant to an Equipment Operating Contract. Sometime after Manning began driving on behalf of Venezia, he purchased a new tractor and subsequently entered into a new contract (the "Contract"). Dkt. 23, Ex. A. Under the Contract, Manning would haul various liquid products in a tanker trailer provided by Venezia. The Contract contains two provisions which are directly applicable to the motions currently before the court. Paragraph 7 states that:

> The CONTRACTOR [Manning] expressly waives any claim, demand, action, or cause of action against CARRIER [Venezia] as a result of the death or injury of CONTRACTOR in connection with the performance of the CONTRACTOR's duties. Any claim for death or injury to the CONTRACTOR or the CONTRACTOR'[s] employees shall be limited to a claim against the occupational insurance obtained by CONTRACTOR.

Dkt. 23, Ex. A at 5. The Authorized Attachment appended to the Contract states that:

> CONTRACTOR restates and acknowledges that under the Equipment Operating Agreement between CONTRACTOR and CARRIER, of which this is a part, CONTRACTOR is solely responsible for maintaining worker's compensation insurance for any and all operators, drivers, and/or helpers of the equipment, and that nothing set forth in the agreement or otherwise establishes an employer-employee relationship between CARRIER and CONTRACTOR or any operator, driver, or helper of the equipment. CONTRACTOR represents and warrants that it has secured the required worker's compensation coverage. CONTRACTOR will provide written evidence of the same to CARRIER at the time of the execution of this contract. CONTRACTOR shall not cancel nor permit the worker's compensation insurance to lapse without providing CARRIER thirty (30) days advance written notice. CONTRACTOR expressly agrees to hold CARRIER harmless and to defend and indemnify CARRIER from any and all liability incurred by CARRIER under any worker's compensation law relating in any manner to CONTRACTOR or from any operator, driver, and/or helper of the equipment, including all costs, expenses and attorney's fees incurred by the CARRIER in connection therewith.

*Id.* at 16.

On August 28, 2007, Manning was hauling a load of automatic transmission fluid through Virginia. Dkt. 10 at 2. During a stop, he noticed streaks indicative of a leaking tank. *Id.* He climbed up the ladder onto a catwalk on top of the tanker to inspect it. *Id.* at 3. While he was inspecting the tank, the catwalk broke, and Manning fell to the ground. *Id.* Manning alleges serious

personal injuries as a result of the fall and has brought a negligence claim against Venezia for failing to properly train and supervise its employee and for failing to properly maintain the catwalk. *Id.* at 3-5. Manning's wife, Frances ("Ms. Manning"), has brought a claim for loss of consortium. *Id.* at 5. Both plaintiffs also seek a declaration from the court that Paragraph 7 of the Contract, as quoted above, is unenforceable. It is this declaration that plaintiffs seek in their Motion for Partial Summary Judgment. Venezia has moved for summary judgment on all of plaintiffs' claims, arguing that Paragraph 7 of the Contract precludes plaintiffs' claims against it.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Only when the moving party has discharged this initial burden

does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323-25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994) (en banc).  By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. CHOICE OF LAW

The Contract specifies that it "shall be governed by the Laws of the Commonwealth of Pennsylvania, both as to interpretation and performance." Dkt. 23, Ex. A at 8.  Plaintiffs and Defendant both present arguments exclusively under Pennsylvania law, and no party has argued that any other law applies to any part of this case.  Since, "parties are bound by the theory of law they argue in the district court," the court will apply Pennsylvania law to all the claims presently before it.  *See American Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 540 (5th Cir. 1987).

### III. ANALYSIS

The only issue currently before the court is whether paragraph 7 is valid and operates to preclude plaintiffs' claims asserted in this case.  If paragraph 7 is applicable as written, Venezia is entitled to summary judgment on all of plaintiffs' claims.  If the paragraph is not applicable, Venezia is not entitled to summary judgment, and the Mannings can proceed with their claims for negligence and loss of consortium.  Plaintiffs argue that the Contract is a contract of adhesion and that the exculpatory clause in paragraph 7 is therefore invalid under Pennsylvania law.  Plaintiffs seem to concede, and the court agrees, that if paragraph 7 is enforceable, it is applicable to the injuries alleged in this case.  Venezia argues that the provision is enforceable as written and requires dismissal of the Mannings' claims.

Under Pennsylvania law, an exculpatory contract provision which relieves one party of liability for its own negligence is valid if:

5

> (a) it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or State; (b) the contract is between persons relating entirely to their own private affairs; and (c) each party is a free bargaining agent and the clause is not in effect a mere contract of adhesion, whereby one party simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely.

*Employers Liability Assur. Corp. v. Greenville*, 224 A.2d 620, 622-23 (Pa. 1966).

Even if an exculpatory clause is valid under these criteria, it must meet additional standards in order to relieve a party of liability for negligence. *Id.* Specifically, it must be construed strictly and against the party asserting it, and it must spell out the intent of the parties with the utmost particularity. *Nisley v. Candytown Motorcycle Club, Inc.*, 913 A.2d 887, 890 (Pa. Super. Ct. 2006); *Zimmer v. Mitchell & Ness*, 385 A.2d 437, 439 (Pa. Super. Ct. 1978).

Plaintiffs argue that the contract is one of adhesion, and that the exculpatory clause is therefore invalid. An adhesion contract is a "standard form contract prepared by one party, to be signed by the party in a weaker position, [usually] a consumer, who has little choice about the terms." *Robson v. EMC Ins. Companies*, 785 A.2d 507, 510 (Pa. Super. Ct. 2001) (citing BLACK'S LAW DICTIONARY (7th ed. 1999)). Nonetheless, "merely because a contract is a contract of adhesion does not automatically render it unconscionable and unenforceable." *Todd Heller, Inc. v. United Parcel Service, Inc.*, 754 A.2d 689, 699-700 (Pa. Super. Ct. 2000). In order for the provision to be unconscionable, the court must determine both "that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Id.* at 700.

Manning states that he had no choice but to sign the Contract as presented if he wanted to continue as a contractor for Venezia. Dkt. 21 at 6. Though Manning presents no evidence of this,

the court assumes that it is true for purposes of these motions. Nevertheless, the court determines that the terms are not "unreasonably favorable to the drafter." The Contract contemplates an arrangement where a worker's compensation insurance policy would pay damages suffered from personal injury to Manning. This arrangement does not deprive Manning of all remedies for personal injury. It merely allocates potential losses to an insurer. Presumably, the contract price contemplated this allocation. Accordingly, the court finds that the contract is not an unconscionable contract of adhesion. Since it is also a contract between private parties that does not affect public policy, it is valid under the standard set out in *Employers Liability Assur.,* 224 A.2d at 622-23.

The court must now consider whether the valid provision meets the requirements of strict construction and particularity set out in *Nisley*, so as to relieve Venezia of negligence liability. *Nisley*, 913 A.2d at 890. Plaintiffs argue that it does not because it must be strictly construed against the drafting party. The Contract meets the requirement of particularity set out in *Nisley*. Paragraph 7 unambiguously forecloses a negligence claim against Venezia for personal injuries suffered by Manning. "Whatever the rule of construction, it should have no application where construction is not necessary, where the writing is without ambiguity." *Acchione v. City of Philadelphia*, 149 A.2d 125, 128. Since the contract is unambiguous, even a strict construction requires a finding that Manning cannot maintain the negligence claims asserted here.

Since Manning's negligence claims must be dismissed, Ms. Manning's claim for loss of consortium must also be dismissed. Under Pennsylvania law, a loss of consortium claim is derivative and is entirely dependent on the injured party's ability to recover against the allegedly negligent party. *Kiers by Kiers v. Weber National Stores, Inc.*, 507 A.2d 406 (Pa. 1986). When an

exculpatory clause forecloses a claim by the injured party, it also forecloses a derivative loss of consortium claim.  *Scattaregia v. Shin Shen Wu*, 495 A.2d 552, 554 (Pa. 1985).

### IV. CONCLUSION

For the reasons outlined above, plaintiffs' Motion for Partial Summary Judgment (Dkt. 21) is DENIED.  Defendant's Motion for Summary Judgment (Dkt. 25) is GRANTED**.**  Plaintiffs' claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on March 30, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY